**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LUIS RODRIGUEZ PEREZ<br><br>Plaintiff<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC et al.<br><br>Defendants | No. 25-cv-06571<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Luis Rodriguez Perez, a commercial truck driver, was injured by a GPS device attached to the ceiling of a shipping container. He brings suit against a variety of Defendants allegedly responsible for the shipping container and its contents. Two Defendants, Hapag-Lloyd AG and Overhaul Group LLC (collectively, "Defendants"), were added to the suit in Plaintiff's Second Amended Complaint. Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), arguing the claims are untimely. For the reasons stated herein, Defendants' motions are granted.

## I. Background

The following factual allegations taken from the Second Amended Complaint ("SAC") are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). On April 11, 2023 Luis Rodriguez Perez was injured while working as a commercial driver with Capitol Trucking. [65]

at ¶ 6. Rodriguez Perez was responsible for transporting a sealed container containing approximately 1,440 gaming consoles for Sony Interactive Entertainment ("SIE"). *Id.* When he opened the container's sealed doors, a GPS unit mounted on the container's ceiling fell and struck his head, causing injury. *Id.* Rodriguez Perez alleges the GPS unit was "long past useful life, not operational, and should have been removed instead of remaining as a falling hazard." *Id.* at ¶ 9.

On April 8, 2025, three days before the two-year statute of limitations expired, Rodriguez Perez initiated this lawsuit. [1-1]; *see* 735 ILCS 5/13-202. His original complaint, which was filed in the Cook County Circuit Court, named Sony Corporation of America, Sony Electronics, Inc., Sony DADC US, Inc., various entities associated with CSX Intermodal, Inc., and John Doe corporations as defendants. [1-1] at 1. Rodriguez Perez filed a First Amended Complaint ("FAC") on September 30, 2025. [40]. The FAC dismissed the previously named defendants and brought claims against Sony Interactive Entertainment, LLC ("SIE"), Touax Container Services SAS ("TCS"), Touax Leasing Corp. ("Touax"), and five John Doe entities. [40] at 1.

On January 17, 2026, Rodriguez Perez filed a Second Amended Complaint ("SAC") which added Overhaul Group, LLC and Hapag-Lloyd AG. [65] at 1. He alleges, upon information and belief, that Hapag-Lloyd leased the subject shipping container and exercised responsibility for the container's condition, inspection, and maintenance. *Id.* at ¶ 5A. Overhaul, he alleges, was the entity contracted by SIE to install the GPS unit inside the container. *Id.* at ¶ 5B.

Rodriguez Perez alleges he "previously named certain entities in good faith," but "[a]fter suit was filed, Sony entities produced documentation revealing corrected identities and roles." *Id.* at ¶¶ 12-13. "[P]rior to filing, Plaintiff could not obtain this information from Sony or the dispatch company." *Id.* at ¶ 12. As such, "Plaintiff pleads relation-back under 735 ILCS 5/2-616(d), misnomer under 735 ILCS 5/2-401(b), and fraudulent concealment/equitable tolling under 735 ILCS 5/13-215 to add or substitute proper Sony and Touax parties." *Id.*

Hapag-Lloyd and Overhaul filed motions to dismiss for failure to state a claim, arguing it is clear from the face of the SAC that any claims against them are beyond the two-year statute of limitations. [81] at 6-7; [97] at 5-6.

## II. Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir.2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir.2014).

"A plaintiff may plead himself out of court under Rule 12(b)(6) by alleging and thereby admitting the elements of an affirmative defense." *Terry v. Chicago Police Dept.*, 200 F.Supp.3d 719, 722 (N.D. Ill. 2016) (citing *United States Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (this principle applies to statutes of limitations). As such, "dismissal is appropriate under Rule 12(b)(6) 'if the complaint contains everything necessary to establish that the claim is untimely.'" *Stubbs v. City of Chicago*, 616 F.Supp.3d 793, 799 (N.D. Ill. 2022) (citing *Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017)).

## III. Analysis

Illinois has a two-year statute of limitations for personal injury lawsuits. 735 ILCS 5/13-202. Here, Rodriguez Perez was injured on April 11, 2023. [65] at ¶ 6. His original complaint was filed on April 8, 2025, within the limitations period. [1-1] at 1. However, the SAC—which added Defendants Hapag-Lloyd and Overhaul—was filed on January 17, 2026, outside the limitations period. [65] at 1. Amended complaints that add new parties after the limitations period are untimely and must be dismissed unless they relate back to a timely original complaint or the statute of limitations is tolled for equitable reasons. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561-62 (7th Cir. 1996). Thus, Plaintiff's claims against Hapag-Lloyd and Overhaul survive only if the filing of the SAC relates back to the filing of the original complaint or equitable principles apply.

The parties rely on Illinois' relation-back statute, 735 ILCS 5/2-616(d). However, the Federal Rules of Civil Procedure, not state procedural rules, apply. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005) ("The Federal Rules of Civil Procedure, not state procedural rules, govern in diversity, as they do in federal-question, cases in federal district courts."). Though the parties have briefed these issues pursuant to 735 ILCS 5/2-616(d), section 2-616(d) "substantially mirrors" the federal relation-back rule, Federal Rule of Civil Procedure 15(c). *Walstad v. Klink*, 105 N.E.3d 1016, 1022 (Ill. App. 2018).

Rule 15(c)(1)(C) governs amendments that, like the SAC at issue here, "change[ ] the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Under those circumstances, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The SAC contains no factual allegations that allow the Court to infer that Rule 15(c)'s notice requirement has been satisfied. As an initial matter, the SAC only pleads relation back to "substitute proper Sony and Touax parties." [65] at ¶ 12. Additionally, the only allegations as to Hapag-Lloyd and Overhaul are about how Plaintiff came to learn of their "identities and roles." *Id.* Touax produced lease and

inspection documentation which showed Hapag-Lloyd "retained the contractual right to install" the GPS device that caused Rodriguez Perez's injury, and SIE identified "Overhaul as the vendor contracted to provide and/or install the [ ] GPS tracking unit." *Id.* at ¶¶ 13B, 13C. But these allegations do not address notice. The SAC contains no allegations that allow the Court to plausibly infer that Hapag-Lloyd or Overhaul had notice of the lawsuit during the limitations period.

Furthermore, a plaintiff's inadequate knowledge of a defendant's identity does not constitute a mistake within the meaning of Rule 15(c)(1)(C)(ii). "It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires." *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). "A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Id.* (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)). A "plaintiff naming a John Doe defendant 'because he does not know who harmed him' is not a mistake," it "is a conscious choice, not an inadvertent error." *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021) (citing *Hall*, 469 F.3d at 596); *see also Salameh*, 2021 WL 4951529, at * 3 ("The relevant inquiry is whether the plaintiff knew what he didn't know or didn't know what he didn't know. The latter is a mistake; the former is not."). Beyond citing the relation-back statute "to add or substitute proper Sony and Touax parties," [65] at ¶ 12, the SAC neither pleads relation back as to Hapag-Lloyd and Overhaul, nor presents any facts that allow the Court to plausibly infer the requirements could be met.

The SAC likewise "pleads . . . fraudulent concealment/equitable tolling under 735 ILCS 5/13-215 to add or substitute proper Sony and Touax parties," but makes no allegations as to Hapag-Lloyd or Overhaul. *Id.* Even construing this allegation as applicable to the claims against Hapag-Lloyd and Overhaul, the SAC contains no facts that allow the court to plausibly infer that the doctrines of fraudulent concealment or equitable tolling apply.

When a prospective defendant fraudulently conceals a cause of action from a would-be plaintiff, the statute of limitations is extended for five years after the plaintiff "discovers that he or she has such cause of action." 735 ILCS 5/13-215. "Equitable tolling halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Herrera*, 8 F.4th at 499 (citing *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021)). It is the plaintiff's burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre v. United States Dep't of Lab.*, 924 F.3d 398, 402-03 (7th Cir. 2019) (internal quotation marks omitted). "[E]quitable tolling is rare." *Herrera*, 8 F.4th at 499; *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly.").

The SAC makes no allegations that Hapag-Lloyd or Overhaul fraudulently concealed Rodriguez Perez's claims. Additionally, the SAC lacks any allegations that would allow the Court to plausibly infer that Rodriguez Perez "diligently pursued

[his] claim[s]" against Hapag-Lloyd and Overhaul "and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre*, 924 F.3d at 402-03. Beyond the allegation that "Plaintiff previously named certain entities in good faith" and later learned Hapag-Lloyd and Overhaul's "identities and roles" through discovery, the SAC contains no allegations about Plaintiff's efforts—much less any efforts before the limitations period expired.

In sum, it is possible to add parties via amendment after the period of limitations has expired, but a plaintiff may do so only in narrow circumstances. Rule 15(c) requires the plaintiff to show that the new defendants received notice of the lawsuit within the appropriate time frame, and "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Here, Rodriguez Perez cites Illinois' relation-back statute, but offers little more. In fact, he only pleads relation back "to add or substitute proper Sony and Touax parties," and pleads nothing related to the statute of limitations as to Hapag-Lloyd or Overhaul. [65] at ¶ 12. The same is true for the doctrines of fraudulent concealment and equitable tolling. *Id.* Where the SAC was filed outside the two-year limitations period, the claims against Hapag-Lloyd and Overhaul are untimely and must be dismissed.

## IV. Conclusion

For the reasons described above, Defendants Hapag-Lloyd and Overhaul's motions to dismiss [81] [97] are granted. Claims VIII, IX, and XI in Plaintiff's Second Amended Complaint are dismissed with prejudice.

E N T E R:

Dated: October 23, 2026

MARY M. ROWLAND
United States District Judge